Henry NELSON *v.* STATE of Arkansas

CR 77-148                                      557 S.W. 2d 191

Opinion delivered November 7, 1977
(Division II)

*Bill Webster* and *Anthony Bartels,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty.
Gen., for appellee.

FRANK HOLT, Justice. Appellant, who received a ten year
sentence on a rape conviction, contends the court erred when

it denied his request for a copy of a pretrial statement of the prosecuting witness after that witness had testified on direct examination. The prosecutor objected to the request on the ground that he had furnished appellant an opportunity to examine his files and the statement before trial. The court denied appellant's request citing Crim. Proc., Rule 17 (1976). However, the appellant responded that Ark. Stat. Ann. § 43-2011.3 (b) (Supp. 1975) requires that the defendant have the right to the statement of the prosecutrix for purposes of cross-examination of the witness. The statute reads:

> After a witness called by the state has testified on direct examination, the court shall, on motion of the defendant, order the state to produce any statement (as hereinafter defined) of the witness in the possession of the state which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

Here it appears undisputed that a statement of the prosecuting witness existed and was in the possession of the prosecutor. A material and crucial issue in the case was the credibility of this witness in determining the guilt or innocence of the appellant. In the circumstances it was mandatory that the statement be furnished to the appellant for cross-examination purposes if it related to the subject matter about which the witness testified.

Appellant next contends that there was no proof of forcible compulsion as required by Ark. Crim. Code § 41-1803 (1) (a) (1976) and, therefore, the evidence is insufficient to support the verdict. That statute reads in pertinent part: "A person commits rape if he engages in sexual intercourse . . . . with another person . . . by forcible compulsion." § 41-1801 (2) reads: " 'Forcible compulsion' means physical force, or a threat, express or implied, of death or physical injury to or kidnapping of any person."

It appears that the prosecuting witness' mother and appellant lived together, though not married, for about five years before the mother died. The prosecuting witness, then six years old, and her sister continued to reside with appellant and for the last year resided alone with him. During the last five months of this time, the witness, then twelve years of age, testified that she submitted to appellant's sexual advances because she "was afraid he was going to have another heart attack." She was scared of him on one occasion when she refused appellant's advances by locking him out of her room. Appellant then banged on the door and stated, "Tammy if you don't open this door so help me." She then unlocked the door because "I was afraid that if I didn't let him in after he said 'so help me' that he would keep on doing it. Like twice a night or so instead of once a night." However, after unlocking the door, she refused to let appellant touch her and he left the room. Further, the appellant never physically injured her and never threatened to do so at any time. In summary she was afraid of what would happen to appellant; i.e., he would have another heart attack. Appellant denied ever engaging in any sexual activity with her or that he talked with the prosecutrix about his heart condition.

When we view this evidence in the light most favorable to the state, as we must do, we cannot say it is sufficient to demonstrate there was forcible compulsion by either physical force or a threat, either express or implied, of death or physical injury to the prosecutrix or another person. We do not construe the words "any person" in § 41-1801 (2), *supra,* to include the alleged attacker.

Since there was error in refusing the appellant the use of the pretrial statement of the state's witness for cross-examination purposes and the evidence, in its present posture, is deficient, the judgment is reversed and the cause remanded.

Reversed and remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.