Gloria WILLIAMS *v.* STATE of Arkansas

CR 79-163                                  593 S.W. 2d 8

Opinion delivered January 14, 1979

*Spencer, Spencer & Shepherd,* for appellant.

*Steve Clark,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The appellant, Gloria Williams, was convicted of committing first degree battery upon her ten-month old daughter and sentenced to 10 years imprisonment. It was essentially a case of child abuse.

On appeal she alleges six errors, most of which are without merit and which will be briefly discussed. One error requires reversal.

The first error alleged is a lack of evidence to support the jury's finding of guilt. At the time of the alleged abuse, Gloria Williams was living with a man named Grady Madison. He was not her husband. She took the child to the doctor on September 12, 1978. The doctor believed that the child had been abused. He called the police. The evidence showed that the child was suffering from severe injuries which included burns, six fractured ribs, two arm fractures and various bruises and contusions about her body. The medical testimony was that the child had suffered from child abuse. Williams denied abusing the child in any way and

suggested that perhaps the child had fallen, or as Madison told her, that she had been burned from boiling water. Most of the evidence was circumstantial but there was sufficient evidence to support the jury's findings that Williams had abused the child. We no longer distinguish between an accessory and the principal, Ark. Stat. Ann. § 41-301, *et seq.* (Repl. 1977), and there is no doubt that she could not have been around the child without knowing of the injuries. Compare, *Limber* v. *State,* 264 Ark. 479, 572 S.W. 2d 402 (1978). Furthermore, there is some evidence that she may have injured the child herself. For example, Madison testified that she grabbed the child up by an arm and a leg on one occasion.

She and Madison were tried jointly. Madison testified that he did not know what caused all the injuries. He said that one time another child had pulled some boiling water off a stove onto the child. Testimony suggesting that the water could not have been pulled off the stove as he explained, was presented to impeach his version of the incident. Therefore, we find the argument that there was insufficient evidence to support the verdict or that a directed verdict should have been granted is without merit.

The appellant and Madison were charged separately but the court ordered the parties to be tried together. The appellant argues individuals who are separately charged by information cannot be jointly tried. We disagree. Rules of Crim. Proc., Rule 23.1 provides for such a trial. It reads:

> (a) The court may order consolidation of two (2) or more charges for trial if the offenses, and the defendants if there are more than one (1), could have been joined in a single indictment or information without prejudice to any defendant's rights to move for severance under preceding provisions.

> (b) The court may order a severance of offenses or defendants before trial if a severance could be obtained on motion of a defendant or the prosecution.

That does not mean that parties can be joined in a trial if prejudicial error might result. For example, see Rules of

Crim. Proc., Rule 22.3. In this case there was no allegation of prejudice and we find none as a result of the trial.

The appellant argues that she was denied her full quota of peremptory challenges. The court ruled that since the parties were being tried jointly they only had eight peremptory challenges as a pair, not eight each. The court correctly interpreted the law. Ark. Stat. Ann. § 43-1929 (Repl. 1977) reads:

When several defendants are tried together, the challenge of any one of the defendants shall be the challenge of all.

In the case of *Hearne* v. *State,* 121 Ark. 460, 181 S.W. 291 (1915), we reached the same result. The *Hearne* case was upheld in *Lewis & Wren* v. *State,* 220 Ark. 914, 251 S.W. 2d 490 (1952). In those cases, unlike this one, the defendants were jointly indicted, but we do not believe this is a significant distinction. Any prejudice would lie in requiring a joint trial that should not be ordered in the first place; if that decision is proper, then no prejudice can result in limiting the peremptory challenges.

The appellant objected to the introduction of photographs of the infant, some of which were taken after the child was taken to the doctor. There is no doubt that they were graphic evidence of the child's injuries and were probably not ignored by the jury. But photographs will not be excluded simply because they are gruesome. *Tanner* v. *State,* 259 Ark. 243, 532 S.W. 2d 168 (1976). The danger of unfair prejudice created by a photograph must substantially outweigh its probative value before we will exclude it. *Gruzen* v. *State,* 267 Ark. (Dec. 17, 1979). The court below correctly applied this rule. These photographs represented portions of the body of the child and the battery of that child was the question in issue. The fact that some of them were made after the child was first examined does not bear on their admissibility if the photographs were properly identified as representing the condition of the child after she had received treatment. Compare, *Hughes* v. *State,* 249 Ark. 805, 461 S.W. 2d 940 (1971).

The court committed error when it admitted into evidence a statement allegedly made by the appellant to the doctor.

The appellant's lawyer filed a motion for discovery prior to trial and requested all statements that might at any time have been made by the appellant to police officers and others. The State responded to the motion without disclosing that the appellant made any statement to Dr. Pullig, in the presence of a policeman, when she took the child to the doctor. Apparently, the night before the trial the prosecutor learned that Dr. Pullig would testify that the appellant told him that if she knew he were going to call the police she would not have taken the child to him. The prosecutor did not promptly notify the appellant's attorney of this information the next morning but waited until after the lunch break and after the *voir dire* of all the prospective jurors, and then informed the appellant's attorney just before the trial started. The appellant's attorney moved to exclude the evidence as violating Rules of Crim. Proc., Rule 19.2. That rule reads:

> If before trial, but subsequent to compliance with these rules, or an order entered pursuant thereto, a party discovers additional material or information comprehended by a previous request to disclose, he shall promptly notify opposing counsel or the other party of the existence of such material or information. If additional material or information is discovered during trial, the party shall notify the court and opposing counsel of the existence of the material or information.

The record indicates that according to Dr. Pullig, a police officer was present in his office when she made the statement. There is no doubt, then, that the police officer knew of the statement. That knowledge is imputed to the prosecuting attorney. See Arkansas Rules of Criminal Procedure, Rule 17.1. See also Commentary to Article V.

The court must act in such a situation. The evidence must be excluded or a continuance granted. In the case of *Hughes* v. *State*, 264 Ark. 723, 574 S.W. 2d 888 (1978), we

held it was not error if the court granted a recess so that the defendant's attorney could question the witness. In this case the court gave the appellant no relief.

We are not saying the statement is inadmissible testimony. That is a separate question. The court's error was it's failure to enforce the rule of discovery that imposes upon the State an obligation to timely inform the defendant of all information it has been properly requested to furnish. In this case we do not feel that the information was timely furnished. The judge abused his discretion in admitting the statement and, therefore, we reverse the judgment and order a new trial.

Reversed and remanded.

STROUD and MAYS, JJ., not participating.