Billy BLAKEMORE et al *v.* STATE of Arkansas

CR 80-21                                          594 S.W. 2d 231
Supreme Court of Arkansas
Opinion delivered March 3, 1980

*McArthur & Lassiter,* P.A., for appellants.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The three appellants, tried jointly before a jury, were all found guilty of interference with a law enforcement officer. Ark. Stat. Ann. § 41-2804 (Repl. 1977). Of the four points for reversal only two need be discussed, it being unlikely that the other asserted errors will occur upon a retrial.

The State's principal witness was Officer Fowlkes, who testified that the defendants forcibly prevented him from taking an intoxicated person into custody. At the beginning of the officer's cross examination he said that on the day before the trial he had read his typewritten statement, but he did not have a copy with him. When defense counsel asked for a copy for purposes of cross examination, the court ruled that the request came too late, as the case had been pending for over a year. When the same request was made with respect to another witness's statement, the court again denied the request, saying to defense counsel: "You've had months and months to discover the State's case." The prosecutor resisted the request, arguing that defense counsel was not entitled to the State's work product.

The court's rulings were wrong. Criminal Procedure Rule 17.1(b), governing discovery, merely requires the State to disclose the names and addresses of the State's witnesses. It is provided by statute, however, that after a witness called by the State has testified on direct examination, the court "shall," on motion of the defendant, order the State to produce any relevant statement of the witness in its possession. Ark. Stat. Ann. § 43-2011.3 (b) (Repl. 1977). Thus the

requests for the statements were timely.

The Attorney General concedes that the statements were not work product and that the defense was entitled to them. It is argued, however, that the defense should have asked that the witnesses' testimony be stricken. That remedy is available only when the State elects not to comply with an order of the court to deliver a statement to the defendant. § 43-2011.3 (d). Here there was no such order. Nor was any further objection by counsel necessary, because he had made known to the court the action he desired the court to take. § 43-2725.1. Finally, the Attorney General argues that the appellants have not shown that the statements contained helpful information, but obviously that showing cannot be made in view of the appellants' inability to obtain copies.

Second, the appellants argue that they should have been allowed to offer proof of certain alleged incidents of prior misconduct on the part of Officer Fowlkes, in an effort to show that he may not have been engaged in official business at the time of the incident in question. We doubt if the proffered proof was actually relevant, but in any case the trial court did not abuse its discretion in concluding that the possible relevance of the earlier incidents was outweighed by the confusion of issues and the delay that would have resulted from the exploration of such collateral matters. Uniform Evidence Rule 403, Ark. Stat. Ann. § 28-1001 (Repl. 1979).

Reversed.