Gary L. LACY *v.* STATE of Arkansas

CR 80-190                                     614 S.W. 2d 235

Supreme Court of Arkansas
Opinion delivered April 20, 1981

*C. W. Knauts* and *Oliver Cox*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Gary L. Lacy's conviction for second degree murder and first degree battery must be reversed because his defense counsel was not timely furnished with a statement taken by the police from a critical witness.

Lacy killed Carl Eugene Adams and shot and wounded Vandal R. Durbin in a family fracas in Corning, Clay

County, Arkansas. The killing occurred at the residence of Barbara Hall, a daughter of Adams. Lacy and his wife, Carolyn, were staying with the Halls. When Adams and two other men walked into the house, words were exchanged between Adams and Lacy. Lacy shot and killed Adams and wounded Durbin.

Lacy's defense was self defense. He testified that Adams called him a son-of-a-bitch and reached for a pistol in his back pocket; when Adams did that he shot him.

David Hensley, who was present at the house when the shooting occurred, was subpoenaed by the State several weeks before the trial but did not appear at the trial. When the defense discovered that Hensley was not present on the first day of the trial, the defense subpoenaed him. After a two-day trial and after the jury retired to deliberate, the defense moved for a continuance because Hensley was not present and because the State had not furnished the defense with a statement taken from Hensley. The prosecutor argued that he did not get the statement until late in the day of the second day. The statement was decidedly exculpatory. In it Hensley said that the door was kicked open by three men; that Vandal slapped Barbara Hall; and that Adams loaded a gun and told the three men that if they "came back shooting" they would get "shot back." Hensley added that "Adams reached behind him and looked like he was going after a gun as he did have a handgun in his rear pocket."

The statement was contrary to the State's proof. Guthrie had testified that the door was open — not kicked open; that Lacy simply shot Adams with no provocation; and that Adams had not reached for a gun. Durbin had testified that the door was simply opened and Adams did not have a weapon. Barbara Hall had testified that her father did not go for a gun.

The prosecuting attorney, in addition to arguing that he did not have Hensley's statement, also argued that the defense had not been diligent in seeking a continuance early, locating Hensley before trial, or seeking out the statement

taken by the police. Appellant's counsel strongly took issue with this argument.

The trial court concluded that the motion came too late. We are satisfied that the court should have granted the motion. It was inexcusable for the police not to disclose Hensley's statement. While the State opened its file to defense counsel, the file did not contain Hensley's statement because the police had not given it to the prosecuting attorney. We held in *Williams* v. *State*, 267 Ark. 527, 593 S.W. 2d 8 (1979), that if the police have a statement, knowledge of that statement is imputed to the prosecuting attorney. *Ark. R. Crim. P.* 17.1 requires disclosure and if that rule is to have any meaning it must have that interpretation.

Certainly, if this statement had been furnished before the trial or early in the trial before the jury retired to deliberate, the defense would have either attempted more diligently to obtain Hensley's presence at the trial or have been negligent in not doing so. In any event, the presence of Hensley was critical to the defense. Under these circumstances we feel it was wrong to deny the defense motion since this failure resulted in Lacy not receiving a fair trial.

The other points raised by Lacy are without merit. The introduction of a photograph of the deceased taken after the shooting was not error because we have said numerous times that photographs are admissible if they have any relevance. *Stewart* v. *State*, 233 Ark. 458, 345 S.W. 2d 472 (1961).

Reversed and remanded.

HOLT, J., not participating.