Albert BROWNING *v.* STATE of Arkansas

CR 80-263                                           621 S.W. 2d 688

Supreme Court of Arkansas
Opinion delivered October 5, 1981

*Stevan B. Dalrymple,* for appellant.

*Steve Clark,* Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of rape (Ark. Stat. Ann. § 41-1803 [Repl. 1977]) and assessed his punishment at 50 years imprisonment. Through his court

appointed counsel, appellant first asserts for reversal that the trial court erred in allowing the state's attorney to use a codefendant's prior statement which was not made available to appellant's counsel before trial as is required by the pertinent rules of discovery, Ark. Rules of Criminal Procedure, Rules 17.1 and 19.2, subject to the provisions of Rule 19.7.

Appellant's codefendant gave a police officer, five months before trial, a statement cross-implicating the appellant. It was understood between the state and the defense counsel there was no need to file a formal discovery motion since the state had an open file policy by furnishing its entire file to defense counsel. When the state attempted to cross-examine appellant's codefendant on the basis of the cross-implicating statement he had made to the police officer, a timely objection to use of the statement, due to failure to comply with the rules of discovery, was raised by counsel for the codefendant. The court later acknowledged that counsel for the appellant joined in this objection. The trial court refused to allow the codefendant's signed statement into evidence due to the state's attorney's failure to comply with the discovery rules. However, he allowed the prosecutor to use the cross-implicating statement to impeach the testimony of the codefendant and then, in rebuttal, question the officer, who had taken the undisclosed statement, about its contents. It is undisputed that appellant's counsel and his codefendant's counsel were unaware of the statement until its attempted use during trial. Also, the state's attorney had only learned of the statement the previous day and was under the mistaken impression that the defense counsel was aware of it.

Where the police have an undisclosed statement, as here, we have held that knowledge of the statement is imputed to the prosecuting attorney and that the Rules of Criminal Procedure, Rules 17.1 and 19.2, require a disclosure in order to give meaning to the purpose of those rules. *Williams* v. *State,* 267 Ark. 527, 593 S.W. 2d 8 (1979); *Lacy* v. *State,* 272 Ark. 333, 614 S.W. 2d 235 (1981); and *Earl* v. *State,* 272 Ark. 5, 612 S.W. 2d 98 (1981). Here, as indicated, the court excluded the signed cross-implicating statement.

However, he permitted the codefendant to be questioned about it and, upon rebuttal, allowed the officer, who took the statement, to testify about it for impeachment purposes. Since a timely objection was made, we hold the court should not have permitted the use of the undisclosed statement for any purpose.

Appellant next asserts that since the state's information charged the appellant with rape in violation of § 41-1803 by engaging in sexual intercourse by forcible compulsion, evidence by the prosecution should be restricted to that allegation and not be permitted the "mention of or reference to any allegation regarding deviate sexual activity." There is no merit to this argument. Section 41-1803 reads:

> A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion . . . .

The information sufficiently complied with Ark. Stat. Ann. § 43-1006 (Repl. 1977) which requires that the language of the indictment must be certain as to the title of the prosecution, the name of the court in which the indictment is presented, and the names of the parties, subject, of course, to a bill of particulars. Furthermore, we said in *Butler v. State,* 261 Ark. 369, 549 S.W. 2d 65 (1977), that where the entire sequence of events is such an inseparate whole, then the state is entitled to prove the entire criminal episode.

Neither do we agree with appellant's contention that the court erred in refusing his requested instruction on consent which contained language with respect to "the duty" of the woman upon being assaulted. A sufficient answer is that the court, without objection, gave the applicable parts of AMCI § 1803 which defines rape. This instruction is in accordance with our *per curiam* order of January 29, 1979, 264 Ark. 967, which requires the use of AMCI unless the trial court determines the instruction does not accurately state the law. In that event the court must state its reason for refusing the instruction. *Wharton v. Bray,* 250 Ark. 127, 464 S.W. 2d 554 (1971).

For the reason indicated, we reverse and remand.