Floyd Junior COTTON, a/k/a Junior COTTON and
Bud COTTON *v.* STATE of Arkansas

CR 81-48                                    634 S.W.2d 127

Supreme Court of Arkansas
Opinion delivered June 7, 1982

*Terry Jones* of *Jones & Reynolds,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was charged by information with capital felony murder. A jury found him guilty of first degree murder and assessed his punishment at life imprisonment. Appellant first asserts the trial court erred in permitting the prosecuting attorney to argue, in the presence of the jury, the merits of admitting testimony concerning a polygraph test taken by a defense witness.

During cross-examination by the state of Dorothy Taylor, widow of the victim and sister of the appellant, the following exchange occurred:

(Prosecuting attorney): Okay. Is there any particular reason why on July 27th of '78, eight months later, you felt compelled to come in and give these stories?

(Reporter's Note: Mr. Butcher [Taylor's counsel] talking with Dorothy Taylor off the record.)

Ms. Taylor: At the time I came in and told you about the drugs and the beatings and stuff and you-all were wanting me to take a polygraph test, and I agree that I had not been honest with you, so I told you about the beatings and the drugs and the other thing and then I took the polygraph test.

(Prosecuting attorney): All right. Did you pass the polygraph test?

(Defense counsel): Objection.

(Prosecuting attorney): Your Honor, this was a totally uncalled for response after advice of counsel, and if she's gonna talk about taking a polygraph test then I'd like to get the results in.

The Court: Well, the Court will admonish the Jury to ignore any reference to a polygraph test. Under the present state of the law and the state of the art, the law does not consider polygraph examinations to be reliable and any — anything concerning a polygraph test will be ignored primarily because of the fact that a man is being charged with a crime here and we're not going to go into polygraphs so let's get off of that and go on to something else.

It is well recognized that any reference to a polygraph test in the absence of agreement or other justifiable circumstances would constitute error. *Van Cleave* v. *State*, 268 Ark. 514, 598 S.W.2d 65 (1980); *Roleson* v. *State*, 272 Ark. 346, 614 S.W.2d 656 (1981); and *Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978).

The appellant argues this exchange had an adverse and prejudicial impact on his defense witness' credibility. However, the witness, after conferring with her personal counsel, initiated the subject by making the unsolicited statement that she had taken a polygraph test. The question by the state as to the result of the test was improper. However, the appellant promptly objected to the state's question, which was never answered. The court, *sua sponte*, immediately admonished the jury to disregard any reference to the test. Apparently the court's admonition was acceptable to the appellant inasmuch as he made no objection nor asked for a mistrial. No prejudicial error is demonstrated.

Appellant asserts that the trial court's admonishment to the jury was unclear, equivocal, and did not remove the taint

of the episode. We cannot agree. Apparently, appellant did not perceive the court's admonition as being deficient since he did not ask for a clarification nor object to the adequacy of the admonishment.

Appellant's final contention for reversal is that the trial court erred in admitting into evidence two color photographs of the victim. He argues that the photographs were more inflammatory than informative, and they were not corroborative of any issue. He insists there was no question as to the identity of the victim, the scene where he was found, nor that an autopsy was performed. Further, appellant was willing to stipulate that the victim suffered gunshot wounds.

Ordinarily, photographs are admissible if they have any relevance. *Lacy* v. *State,* 272 Ark. 333, 614 S.W.2d 235 (1981); and *Robinson* v. *State,* 269 Ark. 90, 598 S.W.2d 421 (1980). In order for a photograph, asserted to be inflammatory, to be excluded, the prejudice must outweigh the probative value. *Gruzen* v. *State,* 267 Ark. 380, 591 S.W.2d 342 (1979); *Campbell* v. *State,* 265 Ark. 77, 576 S.W.2d 938 (1979); and Ark. Stat. Ann. § 28-1001, Rule 403 (Repl. 1979). Neither is a photograph inadmissible because it is cumulative or unnecessary due to admitted or other proven facts. *Prunty* v. *State,* 271 Ark. 77, 607 S.W.2d 374 (1980); and *Spillers* v. *State,* 272 Ark. 212, 613 S.W.2d 387 (1981). Finally, the decision to admit photographs lies within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse of that discretion. *Earl* v. *State,* 272 Ark. 5, 612 S.W.2d 98 (1981); *Gruzen* v. *State, supra,* and *Robinson* v. *State, supra.*

Here, one photograph corroborated the witness' identification of the victim and also could fairly give rise to the inference that, after the victim suffered three fatal gunshot wounds to the head, the body was dragged to the location where it was found. The second photograph depicts a "slit" in the victim's chin, the nature and location of which were described by the state medical examiner as resulting from a blow by a blunt instrument. In our view, the nature, extent and location of the deep gash were relevant to the questions

of intent and state of mind of the appellant. Appellant's willingness to agree that the victim suffered gunshot wounds did not relieve the state of its burden of proving every element of first degree murder which included premeditation, deliberation and intent beyond any reasonable doubt. We find no abuse of discretion.

Pursuant to Supreme Court Rule 11 (f), Ark. Stat. Ann. Vol. 3A (Repl. 1977), we have reviewed the transcript for rulings adverse to appellant and find no error prejudicial to his rights.

Affirmed.