Mark S. DEVER *v.* STATE of Arkansas

CA CR 84-171                                     685 S.W.2d 518

Court of Appeals of Arkansas
Division II
Opinion delivered March 6, 1985

*Maddox & Miller,* by: *Danny Miller,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant appeals his conviction of manufacturing, or possessing with intent to manufacture or deliver, a controlled substance, marijuana. The charge arose when officers went to appellant's cabin on July 3, 1983, at appellant's request to investigate an incident in which appellant received a superficial gunshot wound and his cabin was vandalized. While inspecting the area around the cabin, officers found a few small pots containing marijuana plants. Two days later, on July 5, 1983, the sheriff and several officers returned to appellant's cabin specifically to search the surrounding woods for marijuana. Approximately 125 yards from the cabin, a field of growing marijuana plants was found. Appellant was tried by a jury and sentenced to eight years in prison and fined $10,000. We reverse and remand.

Appellant's first argument is that the evidence taken from the field of marijuana should have been suppressed because of the sheriff's failure to obtain a search warrant. Appellant relies on *State* v. *Osborn,* 263 Ark. 554, 566 S.W.2d 139 (1978), in which the Arkansas Supreme Court affirmed a decision of the trial court suppressing evidence found when

officers lawfully entered a mobile home, observed a small amount of marijuana in the first room entered, then proceeded to make an intensive search of the entire home. The court held that in reviewing the trial court's action in granting or denying motions to suppress evidence obtained by means of a warrantless search, it would make an independent determination based upon the totality of the circumstances, but would not reverse the trial court unless its decision was clearly against the preponderance of the evidence. The court then said:

> The trial court stated that, since the officers were not making or attempting to make an arrest, and that there was no emergency after the officer's original entry into the mobile home, and no reason to believe that any contraband in the place would disappear while a search warrant was being obtained, the seizure was unconstitutional.

In the present case the officers did not search a home but the woods surrounding it. It is permissible for law enforcement officers to search open fields without a warrant. *See Wyss* v. *State,* 262 Ark. 502, 558 S.W.2d 141 (1977); *Bedell* v. *State,* 257 Ark. 895, 521 S.W.2d 200 (1975); and *Ford* v. *State,* 264 Ark. 141, 569 S.W.2d 105 (1978). However, it was held in *Durham* v. *State,* 251 Ark. 164, 471 S.W.2d 527 (1971), that evidence found in an open field had to be suppressed because officers gained entry to the field through the curtilage and information found in the curtilage led officers to the contraband in the open field. And in *Sanders* v. *State,* 264 Ark. 433, 572 S.W.2d 397 (1978), the court said:

> One's dwelling and curtilage have consistently been held to be areas that may normally be considered free from government intrusion. [Citing *Durham*]. A search warrant, or other proper legal cause, would be required for law enforcement officers to gain entry to one's dwelling and curtilage. Normally a garden is included within the curtilage.

We have no problem with the marijuana found in the yard of appellant's cabin when officers went there to

investigate the shooting and vandalizing of the cabin on July 3. What concerns us is that even though there was probable cause and ample time to obtain a warrant, the officers returned to appellant's cabin two days later, without a warrant, and conducted an intensive search of the woods surrounding appellant's home. The record is clear that the only purpose for returning to appellant's home was to search for marijuana fields, and the location of the field discovered was obtained by following a path leading from appellant's curtilage into the woods. Under these circumstances we think a search warrant should have been obtained and that the failure to do so mandates that the evidence seized pursuant to the illegal search must be suppressed.

Appellee argues that appellant could have no reasonable expectation of privacy in this patch of marijuana. *Katz* v. *United States,* 389 U.S. 347 (1967). Appellee also refers us to *Gaylord* v. *State,* 1 Ark. App. 106, 613 S.W.2d 409 (1981) and *Brown* v. *State,* 5 Ark. App. 181, 636 S.W.2d 286 (1982), in support of its contention that this field was too far from appellant's home to be protected by the fourth amendment to the United States Constitution. However, those cases turned on their facts. In *Brown* the appellant lived on property within a national forest and a game and fish commission employee happened upon the marijuana field while patrolling the forest. In *Gaylord* officers observed the marijuana patch from a road. In both of those cases the officers who say the marijuana fields had a legal right to be where they were when the field was observed. In the present case, however, the officers had no legal right to return to appellant's home. Appellant was in Hot Springs and the sheriff was in daily contact with him there; the officers had arrested a man thought to be responsible for the shooting in which appellant was wounded; but they returned to appellant's cabin and followed a path from his curtilage into the woods without a search warrant, even though they had probable cause and ample time to obtain one. We believe this was a violation of the appellant's constitutional protection against unreasonable search and seizure.

Appellant also argues that the trial court erred in overruling his motion to exclude evidence based on the

prosecution's refusal to comply with the rules of discovery. We agree.

Defense counsel filed a timely motion for discovery and was informed by the prosecution that it had an open file policy and that he was welcome to look at the file at any time. A few days before the trial, defense counsel examined the prosecution's file and found only a copy of the information, his discovery motion and the letter which accompanied it, the state's response, and the name and address of the chemist from the crime lab who was scheduled to testify. At the trial when the prosecution attempted to introduce pictures, marijuana samples, and reports, defense counsel objected based on the failure of the prosecution to provide this evidence under the discovery process, and his motion was overruled. The state argues that this evidence was all located in a file at the sheriff's office and that the appellant was informed of this by the response to his discovery motion. That response read, "All reports or statements of experts made in connection with this case, including results of physical or mental examinations, scientific tests, experiments or comparisons, are available at all times to defendant's counsel from the files of the Prosecuting Attorney or *agents of the State."* Arkansas Rules of Criminal Procedure, Rules 17.1 through 17.3, provide that the prosecution shall cooperate with defense counsel and provide all discoverable material to the defense. Rule 17.3 requires the prosecution to obtain any information held by other government agencies and provide it to the defense. We think the prosecution's actions in this case fall far short of that required by the rules of discovery.

In *Browning* v. *State,* 274 Ark. 13, 621 S.W.2d 688 (1981), the court said:

> Where the police have an undisclosed statement, as here, we have held that knowledge of the statement is imputed to the prosecuting attorney and that the Rules of Criminal Procedure, Rule 17.1 and 17.2, require a disclosure in order to give meaning to the purpose of those rules.

And in *Lacy* v. *State,* 272 Ark. 333, 614 S.W.2d 235

(1981), a conviction for second degree murder and first degree battery was reversed because appellant's defense counsel was not timely furnished with a statement taken by police from a crucial witness. The court held:

> The trial court concluded that the motion [for continuance so the defense could call a witness whose testimony contradicted the state's evidence and whose previous statement was not given to the defense by the prosecution] came too late. We are satisfied that the court should have granted the motion. It was inexcusable for the police not to disclose Hensley's statement. While the State opened its file to defense counsel, the file did not contain Hensley's statement because the police had not given it to the prosecuting attorney. We held in *Williams* v. *State*, 267 Ark. 527, 593 S.W.2d 8 (1979), that if the police have a statement, knowledge of that statement is imputed to the prosecuting attorney. Ark. R. Crim. P. 17.1 requires disclosure and if that rule is to have any meaning it must have that interpretation.

*See also, Blakemore* v. *State*, 268 Ark. 145, 594 S.W.2d 231 (1980) and *Williams* v. *State*, 267 Ark. 527, 593 S.W.2d 8 (1979).

Appellee relies on *Robinson* v. *State*, 7 Ark. App. 209, 646 S.W.2d 714 (1983), and insists that appellant's counsel made no effort to examine the files of the sheriff. We do not read *Robinson* to hold that simply because the prosecution has an open file policy it has fulfilled its discovery obligation and defense counsel is then required to himself examine all other files in the county maintained by law enforcement officials. The prosecution is required by the Arkansas Rules of Criminal Procedure to cooperate with defense counsel. In order for these rules to have any meaning, the court must exclude evidence not properly provided to the defense (or least grant the defense a continuance of sufficient length to evaluate the evidence).

Reversed and remanded.

CRACRAFT, C.J., and COOPER, J., agree.