David Lee LEWIS *v.* STATE of Arkansas

CR 84-41                                    691 S.W.2d 864

Supreme Court of Arkansas
Opinion delivered July 1, 1985

*Gill, Johnson, Gill & Gill*, by: *Brooks A. Gill*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. David Lewis appeals from his conviction of aggravated robbery of a liquor store in McGehee, Arkansas and of first degree battery against the proprietor.

The case was tried to a jury. The state presented circumstantial evidence to prove Lewis committed the crimes. Lewis presented evidence he was not in McGehee at the time of the robbery.

As his first point of error, Lewis argues the trial court committed reversible error by permitting a witness to testify on behalf of the state when the witness' name was not provided to the defense until the morning of the trial. Some three months before trial defense counsel filed a motion requesting the names and addresses of all witnesses the state intended to call. The prosecuting attorney responded to the motion in a timely manner, but

failed to list Ms. Hattie Johnson as a witness. On the morning of trial the prosecuting attorney informed defense counsel the state would call Ms. Johnson. The prosecution told the court it had not known about her until that morning, and stated that Ms. Johnson had seen Lewis on the day of the robbery and would help prove the chain of circumstantial proof against the defendant.

The defense objected, moved for exclusion of the witness and for a continuance, citing its motion for discovery and the fact counsel for the defendant had called the prosecutor's office in the afternoon only the day before and asked if there would be any other witnesses. The court denied the motions, but said the defense would be permitted to interview the witness first. Following the opening statements another motion for exclusion of the witness was made, based on surprise and impossibility for the accused to adequately prepare for the trial.

During her voir dire, the witness stated that on the day of the robbery she was interviewed by the police and had told them everything she knew. The defense renewed its motion, contending the state knew about the witness from the day of the robbery, and had offered no explanation for its failure to supply her name. This motion was made after the defense had interviewed the witness, and was again denied. Lewis argues in his brief the defense had only five minutes to interview this witness. The record supports the claim and the state does not dispute it.

Under A.R.Cr.P. Rule 17.1 (a)(i), upon timely request from the defendant, the prosecution is required to give the names and addresses of witnesses it intends to call and Rule 19.2 imposes a continuing duty to disclose this information. Under Rule 19.7, if there has been a failure to comply, the court may order the undisclosed evidence excluded, grant a continuance or enter such other order as it deems proper under the circumstances. It is well established that information held by the police is imputed to the prosecution's office. A.R.Cr.P. 17.1; *Williams* v. *State*, 267 Ark. 527, 593 S.W.2d 8 (1979); *Dupree* v. *State*, 271 Ark. 50, 607 S.W.2d 356 (1980); *Lacy* v. *State*, 272 Ark. 333, 614 S.W.2d 235 (1981).

In *Williams, supra*, the defense had filed a timely discovery motion under 17.1. The prosecution learned the night before the trial of a material witness, but did not notify the defense until the

lunch break the next day, after the voir dire of the jurors. The defense moved to exclude the evidence but the motion was overruled. Citing rule 17.1 we found the court must act in such a situation and the evidence must be excluded or a continuance granted. In *Hughes* v. *State*, 264 Ark. 723, 574 S.W.2d 888 (1978) the prosecution wanted to call a witness the defense had not been informed of. The court granted a continuance by way of a recess for the defense to interview the witness. There is no mention of how long the recess was. We found that if there was any failure to comply with rule 17, it was cured by the recess allowed for interviewing the witness but additionally noted that after the interview the defense made no contention that it was entitled to an additional continuance for purposes of preparing for trial.

▉ In *Dupree, supra*, we stated that rule 17.1 imposes a duty to disclose information in sufficient time to permit the defense to make beneficial use of it and that a failure to comply could be cured if the defense were granted a continuance or by "recessing the trial until appellant's attorney could have an adequate interview with the witnesses." See also *Renton* v. *State*, 274 Ark. 87, 622 S.W.2d 171 (1981) at 96.

▉ In this case, although the prosecution professed no knowledge of the witness until the morning of the trial, it is apparent that the witness had given crucial information to the police, information which was imputed to the office of the prosecution. The state thereby failed to comply with rule 17.1 and an appropriate remedy should have been allowed by the court under 19.7. In some situations a recess for interviewing the witness is sufficient to cure the failure to comply with the rules of criminal procedure. But in this instance we are not satisfied that a brief recess sufficed. Knowledge of the witness was chargeable to the state, her testimony that she saw the defendant in McGehee on the day of the robbery was potentially damaging and it disputed the very essence of the defense—that Lewis was not in McGehee. Given time to investigate and prepare, the defense might have met the proof in some fashion or rendered it doubtful. At least the defendant was entitled to that opportunity.

▉ Since the adoption of the rules of criminal procedure we have, with rare exception, deferred to the trial court in determin-

ing when a continuance is required to cure a failure by one side to disclose the name of a witness. We do not intend, by this decision, to take a different course. However, when the state is charged with knowledge of the existence of a material witness, and fails in response to a discovery order over an extended period of time to disclose that information, without explanation, it should not be assumed that in every case a cursory opportunity to interview the witness will cure the omission. Certainly no two cases are alike, and each must be judged on its own, but there may be instances where the demands of a fair trial require the granting of a continuance. We believe this is one of those instances.

As a second point, Lewis objects to the admission of six photographs showing different areas of the store where blood was splattered. He insists the photographs had no probative value and could only inflame the jury. We do not find these photographs to be especially repugnant. On remand, we leave to the trial court the determination of whether the probative value of the photographs outweighs any unfair prejudice. Evidence Rule 403. *Cotton* v. *State*, 276 Ark. 282, 634 S.W.2d 127 (1982).

The judgment appealed from is reversed and remanded.

SMITH, GEORGE ROSE, J., not participating.