Raymelle GREENING *v.* Hon. H. Allan DISHONGH, Judge of Little Rock Municipal Court

86-25                                                711 S.W.2d 475

Supreme Court of Arkansas
Opinion delivered June 23, 1986

*Howell, Price, Trice, Basham & Hope, P.A.,* by: *Robert J. Price,* for appellant.

*Mark A. Stodola,* City Att'y, by: *Victra L. Fewell,* Asst. City Att'y, for appellee.

STEELE HAYS, Justice. Raymelle Greening, appellant, is charged in the Little Rock Municipal Court with the criminal offenses of failure to produce a driver's license, disorderly conduct, resisting arrest, and two counts of battery in the third degree. Following the testimony of two officers of the Little Rock Police Department on direct examination, the defense requested

their prior written statements pursuant to Ark. Stat. Ann. § 43-2011.3 (Repl. 1977). The state maintained the statements should not be divulged because they were made in connection with investigations of the Internal Affairs Division. The court, after hearing protracted arguments, denied the request for these statements but granted a motion for a recess to allow Ms. Greening to obtain a ruling from the circuit court on a petition for a writ of mandamus. The circuit court held the provisions of § 43-2011.3 were discretionary and that appeal rather than mandamus was the proper remedy. Ms. Greening has appealed the denial of mandamus. We affirm the circuit court.

Appellant's argument is simply that § 43-2011.3 is mandatory and therefore, mandamus should be granted to direct the municipal judge to order the state to produce the statements. She does not address the propriety of this remedy, only the merits of her claim, contending that if she relies on appeal for recourse she may be convicted.

The state asserts that the initial question on appeal is whether mandamus is the proper remedy. The state is correct and we agree mandamus will not lie in this case.

There is no contention the trial court exceeded its jurisdiction, only that its ruling was erroneous. The writ will not be granted for such an action. Appellant's argument that appeal is inadequate in a criminal case because she may be convicted does not support the inadequacy of appeal. The remedy is by appeal. If a litigant who is dissatisfied during trial with an evidentiary ruling, however erroneous, could interrupt the trial for an extended period, in this case over a year, while he seeks relief by mandamus, the expeditious handling of cases would clearly become impossible. We said as much in *Burney* v. *Hargraves*, 264 Ark. 680, 573 S.W.2d 912 (1978).

> If the writ were used to stay the proceeding in the trial court whenever counsel thought a ruling to be erroneous, much of our time would be occupied in the piecemeal settlement of questions that should be presented by appeal, and the trial courts would be unduly hampered in the disposition of their cases.

In *State* v. *Glenn and Hamilton*, 267 Ark. 501, 592

S.W.2d 116 (1980), the circuit judge interrupted a bench trial to permit the state to take an interlocutory appeal to determine whether evidence offered by the state should have been suppressed. We said:

> A criminal trial cannot be suspended for weeks or months to allow an appeal from an interlocutory ruling upon the admissibility of evidence.

Appellant has presented no other argument to show the inadequacy of appeal, and presents nothing more than the possibility of error on the part of the trial court for which mandamus will not lie.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. It seems to me that the majority has confused A.R.Cr.P. Rule 17 with Ark. Stat. Ann. § 43-2011.3, the statute here under consideration. The majority opinion does not recite the pertinent provisions of the statute, which reads as follows:

> (b) After a witness called by the state has testified on direct examination, the Court shall, on motion of the defendant, order the state to produce any statement (as hereinafter defined) of the witness in the possession of the state which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

The words "the Court shall" seem to be clear and unequivocal. It is not even implied that the Court has any discretion in the matter. There was no argument before the Court that the facts were an exception to the statute or that the statute was not applicable. The issue is squarely whether a trial court "*shall*" follow the plain wording of the statute.

I have no disagreement with the holding that mandamus cannot be substituted for appeal. Neither can it be used to review findings of fact, correct abuses of discretion, or correct erroneous conclusions of fact. We considered this same statute and facts

almost identical to those in the present case in *Blakemore* v. *State*, 268 Ark. 145, 594 S.W.2d 231 (1980). There the defendant requested the reports after the officer had testified, which was also done in the present case. The trial court held the request was not timely as the same information was available by discovery pursuant to Criminal Procedure Rule 17.1(b). In reversing the trial court in *Blakemore* we stated:

> It is provided by statute, however, that after a witness called by the State has testified on direct examination, the Court "shall," on motion of the defendant, order the State to produce any relevant statement of the witness in its possession. Arkansas Stat. Ann. § 43-2011.3(b) (Repl. 1977). Thus the requests for statements were timely.

Also, see *Nelson* v. *State*, 262 Ark. 391, 557 S.W.2d 191 (1977), where the identical rule and statute were considered. This court reversed in *Nelson* for the same reasons stated in *Blakemore*.

The purpose of mandamus is not to establish a right but to enforce a right already established. *Carter* v. *Marks*, 140 Ark. 331, 215 S.W. 732 (1919). This definition remains operative and is still followed by the courts. *Wells* v. *Purcell*, 267 Ark. 456, 592 S.W.2d 100 (1979). In reversing a circuit court's refusal to issue a writ of mandamus directing a city to hold a timely election we held that a public official has no discretion to do away with a right already established. *Lewis* v. *Conlee*, 258 Ark. 715, 529 S.W.2d 132 (1975).

What good is a statutory right if it may be ignored by a court. An appeal is time consuming and expensive. To force a person to resort to an appeal on refusal of the trial court to grant a vested statutory right, in most cases, has the effect of denying such (a statutory) right. In my opinion no court has the discretion to deny a statutory right unless it is either waived or is contrary to public policy or the Constitution.

I would issue a writ of mandamus.