212

Ray Lee SPILLERS *v.* STATE of Arkansas

CR 80-238                                613 S.W. 2d 387

Supreme Court of Arkansas
Opinion delivered March 23, 1981
[Rehearing denied April 20, 1981]

*Young & Finley*, by: *James K. Young* and *Dale W. Finley*, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged with first degree murder, Ark. Stat. Ann. § 41-1502 (Repl. 1977). He was convicted by a jury of second degree murder, Ark. Stat. Ann. § 41-1503 (Repl. 1977), and sentenced to 30 years imprisonment. Appellant's first contention for reversal is that his statement was erroneously admitted into evidence.

According to appellant's in custody statement, he and his wife had joined the victim, a friend of his and his wife, at a local club where they spent the evening drinking beer and dancing. When the couples left the club at closing, they proceeded to the parking lot, discussing where they would eat. Appellant and his wife had been arguing. He had some words with his wife on the parking lot, and he guessed the victim was trying to "settle me down or something. Kenneth [the victim] walked up and said he would whip my butt. Him or her said something that made me mad. I don't remember pulling the gun out of my pocket. We were talking about going to eat. The last thing I remember was that my wife made me mad." Appellant argues his statement was

prejudicial, in spite of the fact he unquestionably held the gun that shot the deceased, because his admission is the only hint of a motive for the shooting. He contends it should have been suppressed following the Denno hearing, because it was made at a time when he was susceptible to prompting; i.e., his mental condition was unstable, and he was not in full control of his faculties. The shooting was at approximately 1:30 a.m.; appellant was taken to jail about an hour later upset and bordering on being hysterical according to one officer. Shortly before the interrogation began, he was informed of the death of the victim, that he was being charged with first degree murder and was properly warned of his rights. Appellant argues he was "very probably" still under the influence of alcohol and had been without rest or sleep.

Appellant had consumed no alcohol between 1:30 a.m. and 8:00 a.m., the time of the questioning. Officers, who were present at the interrogation, testified that, although the appellant was nervous and upset and there was an odor of alcohol about him, his speech was not slurred and he appeared rational. There is no evidence of the use of force or intimidation. Appellant did not testify at the Denno hearing. From our independent determinaton of the voluntariness of the statement, based upon the totality of the circumstances, we hold that the trial court's finding that the statement was voluntary is not clearly against the preponderance of the evidence. See *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1975).

Appellant next contends the court erred in postponing its ruling on a pre-trial motion in limine. Defense counsel moved to limit cross-examination of the appellant concerning a prior conviction as to whether or not he had been previously convicted of a felony. He sought to have the state restricted from questioning the appellant about the details of the prior conviction unless his good character was placed in issue. The state argued the details were admissible to show lack of mistake or accident under Rule 404 of the Uniform Rules of Evidence. Counsel argued the defense was not alleging mistake or accident. The judge stated that he could not make an adequate ruling until he heard the testimony.

Appellant asserts that he was entitled to know of the ruling in advance and, not knowing, the court's postponement, in effect, forced him to make a choice between testifying and risking the introduction of the evidence or not testifying at all. He chose not to testify. Suffice it to say that since the matter is insufficiently abstracted, we cannot determine whether or not the court erred. The abstract merely speaks of the prior conviction as a "shooting." It is not possible to tell if the details of the first conviction were in fact relevant to the issue of lack of accident or mistake, as the state argued. Therefore, we will not consider this argument on appeal. See *Loveless, Comm'r* v. *City of Clarendon*, 270 Ark. 705, 606 S.W. 2d 568 (1980); and *Daniel* v. *Quick*, 270 Ark. 528, 606 S.W. 2d 81 (1980).

Appellant's third point is that the court erred in admitting into evidence a black and white photograph of the torso of the victim showing the location of the three gunshot wounds. The trial judge admitted the photograph, noting it was not a gory picture and probably had some probative value. Appellant argues that the undisputed testimony was amply sufficient for the state to prove every detail of the shooting which the photograph depicted, and the defense would stipulate that three shots were fired by the defendant and these shots caused the death. Furthermore, appellant contends he did not allege accident, and therefore the photograph would not be relevant on this ground. This is a matter that addresses itself to the sound discretion of the trial court, and we do not reverse unless there is shown an abuse of that discretion. See *Prunty* v. *State*, 271 Ark. 77, 607 S.W. 2d 374 (1980). We have held that the nature, extent and location of wounds are relevant and material on the question of intent and state of mind. *Campbell* v. *State*, 265 Ark. 77, 576 S.W. 2d 938 (1979). The fact that photographic evidence is cumulative or unnecessary, due to the admission of the evidence by the defendant, does not of itself make it inadmissible. *Campbell* v. *State, supra; Perry* v. *State*, 255 Ark. 378, 500 S.W. 2d 387 (1973). Here, we cannot say the trial court abused its discretion.

Appellant next contends it was error in giving an instruction on first degree murder. A defendant, who is

acquitted by a jury of a first degree murder by the jury's verdict of guilty of the lesser charge of second degree murder, as here, is not in a position to assert reversible error in the giving of the instruction on the greater offense of which he was acquitted. *Brewer* v. *State*, 251 Ark. 7, 470 S.W. 2d 581 (1971).

Neither can we agree with appellant's argument that the evidence was insufficient to support the verdict of second degree murder. The court instructed the jury, without objection, that it could find appellant guilty of second degree murder if it found that the appellant knowingly caused the death under circumstances manifesting extreme indifference to the value of human life or that, with the purpose of causing the death did cause the death, or that with the purpose of causing serious physical injury caused death. Appellant fired three shots at close range into the chest and abdomen of the deceased. There was evidence that no argument occurred, everybody was "having a good time," and the victim had his arm around appellant's shoulders before the shooting occurred, after which appellant exclaimed he had shot his best friend. This, at least, amply supports a finding of extreme indifference to the value of human life.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. My primary reason for dissent concerns the introduction of the photograph of the naked torso of the decedent. The appellant had agreed and offered to stipulate that the three shots were fired and that he was holding and firing the gun and further that the shots caused the death of the victim. There was no dispute as to the location of the wounds on the body nor was there any dispute concerning any aspect of the shooting. I can think of only one reason to allow the introduction of a photograph under these circumstances, and that reason is for the purpose of inflaming the minds of the jurors. The photograph in question was probably the least inflammatory of any photograph which had been introduced in a criminal case. However, when there is absolutely no need for a photograph in

order to prove the case, it ought to be error to introduce it.

Uniform Rules of Evidence, Rule 403, provides for exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. If there were any probative value whatsoever about this photograph, I am unable to discover it. In any event, the unfair prejudice most assuredly outweighs any imagined probative value. So far as I am concerned, the majority is holding that any photograph taken at or near the scene may be introduced and exhibited to the jury.

I further disagree with the majority in approving the handling of the motion in limine by the trial court. The motion should have been granted, in my opinion. It is not proper to show the details of former criminal acts unless they have probative value in the present case. By no stretch of the imagination could an incident which occurred more than ten years past be relevant as shedding light on the conduct in the present case. It would have been easy enough to rule that the prosecution could ask him if he had been convicted of a prior felony. By delaying the motion until the prosecution asked the questions before the jury is too late. It is like shutting the gate after the horse is out. The only reason a prosecutor would want to wait until this time and ask such questions is solely for the purpose of inflaming the jury or to create prejudice against an accused. A prosecutor is supposed to be seeking the truth and affording the state and the accused a fair and impartial trial. I do not consider such questions to fit in the category of fair and proper.