Ray Lee SPILLERS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 85–1749.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1986.

Decided Sept. 30, 1986.

Gregory E. Bryant, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and WOLLMAN, Circuit Judges, and HARPER,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Ray Lee Spillers appeals from the judgment of the district court[1] denying his petition for habeas corpus brought under 28 U.S.C. § 2254 (1982). He argues that the district court erred in failing to hold an evidentiary hearing on his claim that he was denied effective assistance of counsel, both at trial and on direct appeal to the state supreme court; that the admission of unspecified hearsay evidence violated his sixth amendment confrontation right; and, that the presence of the victim's relatives visibly weeping in the courtroom violated his fifth amendment right to an impartial jury. Spillers also contends that the double jeopardy clause barred enhancement of his second-degree murder sentence under a state statute that authorizes an additional sentence where the defendant employed a firearm in the commission of a felony. We affirm the judgment of the district court.

On September 4, 1979, Ray Lee Spillers and his wife joined a number of other couples, including Kenneth Williker and his wife, at a local club, where they spent the evening drinking and dancing. Spillers argued with his wife in the parking lot after the club closed. Williker came over to Spillers, apparently to calm him. As the two conversed, Spillers shot Williker. Spillers was convicted of second-degree murder, and his sentence enhanced to thirty years imprisonment under Ark.Stat.Ann. § 41–1004 (Repl.1977), which provides for an additional sentence of at least fifteen years for the use of a firearm during the commission of certain felonies. The Arkansas Su-

---

* The HONORABLE ROY W. HARPER, Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

preme Court affirmed his conviction on direct appeal, *Spillers v. State,* 272 Ark. 212, 613 S.W.2d 387 (1981), and denied his motion for postconviction relief under rule 37 of the Arkansas Rules of Criminal Procedure.

Spillers then filed for habeas relief in federal district court pursuant to 28 U.S.C. § 2254. Spillers alleged in his petition a number of grounds for relief, including denial of the sixth amendment right to effective assistance of counsel at trial and on direct appeal; denial of the fifth amendment right to an impartial jury due to the presence of several biased jurors; denial of the right secured by the confrontation clause of the sixth amendment due to the admission of hearsay and irrelevant testimony; failure of the trial court to instruct the jury on the defense of self-intoxication when the jurors were questioned about alcohol during voir dire, in violation of the fifth amendment; and, denial of fifth amendment protection against double jeopardy when his sentence was enhanced for use of a firearm during the crime. Spillers' petition was referred to a federal magistrate,[2] whose report and recommendation that the petition be summarily denied were adopted by the district court. On appeal, Spillers argues that the district court erred in dismissing his claims of ineffective assistance of counsel, his claims that his constitutional rights were violated by the admission of hearsay testimony and by the presence of weeping relatives of the victim in the courtroom, and his double jeopardy claim.

## I.

Spillers first argues that he was denied effective assistance of counsel at trial because counsel failed to object to and properly question witnesses and prospective jurors, defend him diligently, properly prepare for trial, object to highly inflammatory and prejudicial remarks made by the prosecutor, object to the presence of sever-

al weeping relatives of the victim in the courtroom, and object to the introduction of unconstitutionally seized evidence. Spillers contends that the district court erred in not holding an evidentiary hearing to permit him to develop his claims.

Under 28 U.S.C. § 2254, a federal district court must hold an evidentiary hearing when a petition alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and a fair evidentiary hearing on the petitioner's claims. *Brown v. Lockhart,* 781 F.2d 654, 656 (8th Cir.1986); *Speedy v. Wyrick,* 702 F.2d 723, 726 (8th Cir.1983). A hearing is unnecessary, however, if the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted, *Brown,* 781 F.2d at 656; *Lindner v. Wyrick,* 644 F.2d 724, 729 (8th Cir.), *cert. denied,* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981), or if the claims are "based solely on 'vague, conclusory, or palpably incredible' allegations or unsupported generalizations," *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir.1985) (quoting *Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)). The trial court did not hold a hearing on Spillers' post-conviction petition, and the Arkansas Supreme Court reviewed his appeal on the basis of an abstract of the trial transcript prepared by his counsel.

To determine whether Spillers' allegations state a sufficient basis for habeas relief, we must look to the constitutional standards for effective assistance of counsel. *See Smith v. Wyrick,* 693 F.2d 808, 810 (8th Cir.1982), *cert. denied,* 460 U.S. 1024, 103 S.Ct. 1277, 75 L.Ed.2d 497 (1983). To establish a sixth amendment violation based on ineffective assistance of counsel, the appellant must demonstrate, first, that his counsel's representation fell below an objective standard of reasonableness under the circumstances, and, second, that his counsel's deficient performance prejudiced his defense. *Strickland v. Washington,*

2. The Honorable Robert W. Faulkner, United States Magistrate for the Eastern District of Ar-  kansas.

466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ Spillers' allegations that his counsel failed to properly question witnesses and jurors, exercise diligence at trial, properly prepare for trial, object to remarks of the prosecutor, and suppress unconstitutionally seized evidence, all are conclusory, and were properly dismissed by the district court. He has not alleged any facts or provided any specifics to identify precisely how his counsel failed to fulfill those obligations. The district court did not err in dismissing these claims without a hearing as vague and conclusory. *Machibroda v. United States,* 368 U.S. at 495, 82 S.Ct. at 514; *Urquhart v. Lockhart,* 726 F.2d 1316, 1319 (8th Cir.1984).

■ Nor did the district court err in summarily denying Spillers' claim that counsel's failure to object to the presence in the courtroom of several weeping relatives of the victim constituted ineffective assistance. The Arkansas Supreme Court, reviewing Spillers' rule 37 motion for post-conviction relief, concluded that counsel's decision to ignore the weeping relatives, one of whom was the victim's wife, may have been a deliberate, tactical decision which, under the circumstances, would not have been unreasonable. We agree. "Judicial scrutiny of counsel's performance must be highly deferential," *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065, and we must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id.* Spillers has not shown why, under the circumstances, such a tactical decision was unreasonable and thus has failed to carry his burden of proof.

■ Spillers also argues that he was denied effective assistance of counsel at the appellate stage because counsel failed to demonstrate on appeal the customary skills and diligence of a competent attorney; raise issues of merit to the state supreme court; properly prepare the habeas petition; and adequately abstract the trial testimony, as a result of which the state su-preme court was unable to review an evidentiary ruling by the trial court. The district court dismissed these allegations as conclusory and without merit. We agree with the district court that these contentions, with the exception of the last one, are vague and conclusory, and properly dismissed summarily. *Brown,* 781 F.2d at 656; *Beavers,* 755 F.2d at 663.

■ While we believe that Spillers' final allegation, that he was denied effective assistance by counsel's failure to abstract properly trial testimony for appellate review, is sufficiently specific for our review, we conclude that the district court properly denied the claim. Prior to trial, Spillers filed a motion *in limine* to prevent the state from introducing a prior murder conviction during cross-examination if he testified. The trial court denied Spillers' motion, and indicated that it would rule on the admissibility of the prior conviction after Spillers' direct testimony. Spillers did not testify at trial, and challenged the trial court's ruling on appeal. The Arkansas Supreme Court declined to review this claim, finding that "the matter is insufficiently abstracted ... [to] determine whether or not the [trial] court erred." *Spillers,* 272 Ark. at 215, 613 S.W.2d at 389. We need not determine, however, whether counsel's failure to properly prepare the appeal in these circumstances was objectively deficient, for Spillers has failed to show that he was prejudiced as a result. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066–67. The Arkansas Supreme Court has held that for a defendant to obtain appellate review of a motion in limine requesting that he not be exposed to cross-examination about prior convictions, he must "by a statement of his attorney ... establish on the record that he will in fact take the stand and testify if his challenged prior convictions are excluded ... and ... sufficiently outline the nature of his testimony so that the trial court, and the reviewing court," can determine if the probative value of the evidence outweighs its prejudicial effect. *Simmons v. State,* 278 Ark. 305, 314–5, 645 S.W.2d 680, 685 (1983) (quoting *United States v. Cook,* 608 F.2d

1175, 1186 (9th Cir.1979)), *cert. denied,* 464 U.S. 865, 104 S.Ct. 197, 78 L.Ed.2d 173 (1983). *See also Pruett v. State,* 282 Ark. 304, 310–11, 669 S.W.2d 186, 190, *cert. denied,* 469 U.S. 963, 105 S.Ct. 362, 83 L.Ed.2d 298 (1984); *Jones v. State,* 282 Ark. 56, 60, 665 S.W.2d 876, 879 (1984). *Cf. Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (to raise and preserve for review a claim that a prior conviction is inadmissible for impeachment purposes under Federal Rule of Evidence 609, defendant must testify). Spillers has not fulfilled either requirement. The trial court therefore did not err in denying Spillers' motion *in limine.* Spillers has not satisfactorily shown that there is a reasonable probability that counsel's putative failure would have affected the outcome of the trial. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

## II.

Spillers next contends that the presence of several weeping relatives of the victim in the courtroom biased members of the jury and thus deprived him of his fifth amendment right to be tried by an impartial jury. Spillers first raised this issue in connection with his sixth amendment claim of ineffective assistance of counsel in his rule 37 petition to the Arkansas Supreme Court.

Spillers' failure to raise this contention as a fifth amendment issue in the state courts bars federal habeas review absent a showing of cause for the failure to raise the issue and a showing that actual prejudice resulted from the constitutional violation. *Graham v. Mabry,* 645 F.2d 603, 605 (8th Cir.1981); *see Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Spillers has shown neither cause nor prejudice.

## III.

Spillers next claims that the district court erred in summarily denying his claim that the admission of hearsay evidence violated his rights secured by the sixth amendment confrontation clause. Spillers has not alleged what evidence was improperly admitted. The district court therefore properly denied his claim as conclusory. *Brown,* 781 F.2d at 656; *Beavers,* 755 F.2d at 663.

## IV.

Spillers' sentence for second-degree murder was enhanced under Ark.Stat.Ann. § 41–1004 (Repl.1977). Spillers does not argue that the Arkansas legislature intended the two offenses be distinct, and in fact concedes that *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), sanctions convictions under both statutes.[3] He urges this court, however, to "take a second look" at enhancement of the provision. In light of *Hunter,* we must respectfully decline the petitioner's invitation.

We affirm the judgment of the district court.

---

3. Given Spillers' concession, we need not determine if second-degree murder, *see* Ark.Stat.Ann. § 41–1503 (Repl.1977), and use of a firearm during a felony, *see* § 41–1004, are the "same offense" for purposes of double jeopardy analysis.