Kenneth PARKER *v.* STATE of Arkansas

CR 86-78                                          717 S.W.2d 800

Supreme Court of Arkansas
Opinion delivered October 20, 1986

*Patrick H. Hays*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Kenneth Parker shot and killed Henry Rogers at a pool hall in England, Arkansas, on the evening of April 13, 1985. He was convicted of first degree murder and sentenced to life imprisonment. On appeal he argues there was no substantial evidence that he deliberately and with premeditation shot Rogers. Also he argues that a photograph of Rogers with his young son was introduced by the state solely to prejudice the jury. We find no error and affirm the conviction.

Parker stipulated that he fired the .32 caliber pistol that resulted in Rogers' death. Nobody testified as to why Parker shot Rogers. Witnesses said Rogers and Parker were at the pool hall about thirty minutes before the shooting. Parker was inside when Rogers arrived. Rogers lingered outside and then went inside. Parker fired at least four times, three bullets striking Rogers and killing him. Parker then left. The state proved that Rogers did not threaten or provoke Parker, and he had no weapon. Parker just killed him. In the defense's case, some evidence was introduced of prior trouble between the men.

Did the state produce sufficient evidence of first degree murder which requires a deliberate and premeditated act? First, such intent may and often must be inferred from circumstantial evidence. *Smith* v. *State*, 264 Ark. 874, 575 S.W.2d 677 (1979). Such intent does not have to be conceived for any particular period of time. *Westbrook* v. *State*, 265 Ark. 736, 580 S.W.2d 702 (1979). Premeditation and deliberation may be inferred from the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds. *Williams* v. *State*, 289 Ark. 69, 709 S.W.2d 80 (1986).

In this case there was no provocation. Both Parker and Rogers were present at the pool hall about twenty minutes when Parker deliberately shot Rogers four times killing him. This evidence is substantial that Parker deliberately and with premeditation killed Rogers. His motive for killing Rogers is not something the state must prove. *Lair* v. *State*, 283 Ark. 237, 675

S.W.2d 361 (1984).

■ Parker's argument regarding the photograph of the deceased is also without merit. The state argues that the photograph was necessary to "identify" the deceased. The appellant argues it was purely to inflame the jury. It really made no difference in the outcome of the trial. Therefore, it could not have been so inflammatory as to require a new trial. *Cotton* v. *State*, 276 Ark. 282, 634 S.W.2d 127 (1982); *Gruzen* v. *State*, 267 Ark. 380, 591 S.W.2d 342 (1979). The state could have proved its case without this evidence, but we do not preclude the state from proving a matter simply because it is stipulated. *Spillers* v. *State*, 272 Ark. 212, 613 S.W.2d 387 (1981). The state could have routinely brought out who Rogers was and the fact that he was a father.

Since this is a life imprisonment case, we have considered other possible errors. See Ark. Stat. Ann. § 43-2725 (Repl. 1977). We find none.

Affirmed.