Leopolian FORD *v.* STATE of Arkansas

CR 88-96                                         759 S.W.2d 556

Supreme Court of Arkansas
Opinion delivered November 14, 1988

*William R. Simpson, Jr.*, Public Defender, *Thomas B. Devine III*, Deputy Public Defender, and *Didi Harrison*, Deputy Public Defender, by: *Susan Wilson*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was found guilty of murder in the first degree and received a life sentence. The sole argument on appeal is that there is insufficient evidence to sustain the conviction. We hold that there is sufficient evidence to sustain the conviction and affirm the judgment of the trial court.

In determining the sufficiency of the evidence on appeal, we must determine whether there is substantial evidence to compel a conclusion without resorting to speculation and conjecture. *Williams* v. *State*, 281 Ark. 387, 663 S.W.2d 928 (1984). On appellate review, we examine the evidence in the light most favorable to the appellee. If there is substantial evidence to support the verdict, the judgment of the trial court will bě affirmed. *Fountain* v. *State*, 273 Ark. 457, 620 S.W.2d 936 (1981).

The appellant was charged with and convicted of violation of Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1987), which provides that a person commits murder in the first degree if "[w]ith the premeditated and deliberated purpose of causing the death of another person, he causes the death of any person." Premeditation and deliberation are not required to exist for any particular length of time and may be formed on the spur of the moment. *Westbrook* v. *State*, 265 Ark. 736, 580 S.W.2d 702 (1979). Deliberation and premeditation may be inferred from factual circumstances provided the evidence clearly warrants the inferences and conclusions drawn. *Walker* v. *State*, 241 Ark. 300, 408 S.W.2d 905 (1966). It is not necessary to prove the defendant's motive for the killing when there is substantial evidence to establish that the accused deliberately and with premeditation killed the victim. *Parker* v. *State*, 290 Ark. 158, 717 S.W.2d 800 (1986).

Clear and substantial evidence, presented through the testimony of eyewitnesses, reveals that the appellant was ejected from a lounge because of his unruly conduct. Shortly afterwards, he was observed outside arguing with other people and was overheard asking another person to allow him to use his pistol to shoot up the place. Rondell Peer, a friend and acquaintance of both the victim and the appellant, was present at the time of the murder. During the disturbance outside the lounge Rondell Peer heard raised voices and the sound of a gunshot behind him. He turned around and saw the appellant pointing a handgun at the victim. At that time, the victim's arms were out in front of him, and he was backing away from the appellant. The victim called Peer's name and stated that he had been shot. Then the victim staggered around the corner and fell on the sidewalk where he died. Another witness, Paul Bullock, stated that he observed the appellant pull a gun on another man just before the victim was shot. He also heard gunshots, saw the victim run around the side of the building and heard him say that he had been shot.

■ There is other substantial evidence, but it is not necessary to recite it because obviously the evidence set out conclusively establishes substantial evidence to support the conviction.

Pursuant to Rule 11(f) of the Rules of the Supreme Court and Ark. Code Ann. § 16-91-113 (1987), we have reviewed the record of all objections that were decided adversely to the appellant and have found no prejudicial error.

Affirmed.