**Kenneth Ray PARKER, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 89–2253.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1990.

Decided July 12, 1990.

Bettina E. Brownstein, Little Rock, Ark., for appellant.

Jack Gillean, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, MAGILL and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Kenneth Ray Parker appeals from the district court's dismissal of his petition for writ of habeas corpus. Parker was convicted by jury of the first degree murder of Henry Rogers, and sentenced to life imprisonment. His conviction was affirmed by the Arkansas Supreme Court, 290 Ark. 158, 717 S.W.2d 800, and his state petition for post-conviction relief was denied. Parker then filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), arguing that he was denied his sixth amendment right to effective assistance of counsel. The district court adopted the report and recommendation of the United States Magistrate, and concluded that Parker could not show prejudice sufficient to satisfy the standard announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We affirm.

I. BACKGROUND

Parker was convicted of killing Henry Rogers on April 13, 1985, in a small, crowded pool hall in England, Arkansas. Trial testimony indicated that Parker was at the pool hall when Rogers came in. After twenty or thirty minutes, Parker walked up to Rogers, who was seated, and shot him three times. Several patrons at the pool hall gave written statements to the police, indicating that they saw Parker shoot Rogers, and saw him leave the pool hall with a gun. After he was shot, Rogers staggered from the building and was found in the street several blocks away by England Police Officer Virgil McDuffy. McDuffy testified at trial that: "I asked him who shot

him. And he told me—he said, 'Kenny Ray.'" Trial Transcript at 131.

At the evidentiary hearing on Parker's habeas petition, defense counsel testified that he interviewed all the witnesses and police officers, read the written statements, and otherwise conducted a thorough examination. He concluded that he could not refute the fact that Parker shot Rogers. Habeas Transcript vol. II, at 3. For example, Willie Tillman, who was waiting to play pool when Rogers was shot, made the following statement immediately after the shooting: "I heard a shot, turned to my left and saw Kenny Ray Parker three to four feet from Henry Rogers, who was sitting down at a table, point a gun and start firing approximately three to four rounds at Henry Rogers." *Id.* vol. I, at 39. Mack Williams, who was also at the pool hall, gave this statement: "I went over to [the] pool hall.... I was inside approximately seven or eight feet from Kenny Ray when I saw Kenny Ray fire four shots at the Rogers boy who was sitting down. Kenny Ray then left the building. The Rogers boy crawled out the front door." *Id.* vol. II, at 12–13. Given these statements and Rogers's dying declaration, defense counsel concluded that he could not deny that Parker shot Rogers, and that he could only hope to convince the jury that Parker acted on some provocation, or in self-defense.

Accordingly, defense counsel stipulated prior to trial that the medical examiner's autopsy report, which found the cause of Rogers's death to be the gunshot wounds, would approximate the testimony of the medical examiner if he were present at trial, and that the medical examiner would testify that Rogers had a blood alcohol content at the time of his death. On the morning of trial, defense counsel also stipulated that Parker "fired the weapon that caused the three gunshot wounds as described by the State Medical Examiner." Brief for Appellant, Addendum at 12. Defense counsel thought that he could not possibly refute the state's evidence that Parker shot Rogers, and that the stipulation might help focus the jury's attention on the unclear circumstances of the shooting, which could suggest some provocation.

To this end, defense counsel called two witnesses. Parker's girlfriend, Mattie Hoyt, testified that she had been at a bar with Parker in October 1984 when they were approached by Rogers, who kicked Parker and knocked him to the floor. Rogers told Parker that he would kill him. Trial Transcript at 179–83. Homer Mosley, a friend of Rogers, testified that he had been out drinking in England with Rogers and others the day of the shooting. When they were ready to leave England, Rogers wanted to be left at the pool hall. *Id.* at 191. Defense counsel hoped to suggest by this testimony that Rogers went looking for Parker, and that Parker acted in self-defense against some threat by Rogers. *See, e.g.,* Habeas Transcript vol. I, at 33, 38, 40, 45.

Parker argues, however, that, given disparities between the statements made by some of the witnesses and their testimony at trial, counsel would have been better off relying on reasonable doubt. The testimony of both Tillman and Williams was more equivocal at trial than their statements, and neither said at trial that he actually saw Parker shoot Rogers. Trial Transcript at 148–50, 158–59. Parker argues that had counsel not stipulated that Parker shot Rogers, counsel could have more effectively cross-examined the witnesses and cast a reasonable doubt on premeditation, an essential element of the state's case. At the habeas hearing, Parker offered the testimony of an attorney who thought that Parker's counsel should have relied on reasonable doubt, especially since nothing was gained by the stipulation. The magistrate, however, found strong evidence that Parker shot Rogers, and that there was no reasonable probability that the outcome of the trial would have been different without the stipulation. Thus, the magistrate did not decide whether counsel's performance was constitutionally deficient. The district court adopted the magistrate's report and recommendation and dismissed the petition.

## II. DISCUSSION

To prevail on his ineffective assistance claim, Parker must show that defense counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. To meet the second part of this standard, prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. *See also York v. Lockhart,* 856 F.2d 61, 63 (8th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1759, 104 L.Ed.2d 195 (1989); *Blackmon v. White,* 825 F.2d 1263, 1265 (8th Cir.1987). *Strickland* clearly establishes that defendant bears the burden of proving prejudice. *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069; *Fink v. Lockhart,* 823 F.2d 204, 205 (8th Cir.1987).

We agree with the district court that Parker has not shown a reasonable probability that, but for the stipulation that Parker shot Rogers, Parker would have been convicted of any crime other than first degree murder. The state offered an uncontradicted dying declaration by Rogers that Parker shot him, and two witnesses testified that they saw Parker leave the pool hall with a gun. While none directly testified at trial that he saw Parker shoot Rogers, one witness, Williams, clearly identified Parker as the person who "done the shooting." Trial Transcript at 157. Given this uncontradicted evidence, Parker can argue only that the stipulation prevented counsel from arguing to the jury that he was guilty of some offense other than first degree murder.

The stipulation, however, in no way prevented counsel from arguing that the state failed to prove premeditation. Indeed, counsel moved for a directed verdict on the first degree murder count because "[t]here is absolutely no evidence as to premeditation," *id.* at 177, and argued that the jury should consider second degree murder given the unclear circumstances surrounding the shooting. *Id.* at 215–18. We can find no reasonable probability that, but for the stipulation, the jury would have found Parker guilty of second degree murder instead of first. The proof that Parker shot Rogers was irrefutable absent the stipulation, and the stipulation was irrelevant to Parker's state of mind when he shot Rogers.

## III. CONCLUSION

We have considered Parker's other arguments on appeal, and find them to be without merit. For the reasons stated, the judgment of the district court is affirmed.