975 F.2d 867
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Francis N. NENGHABI, Appellant.
 No. 92-1214.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 16, 1992.
Filed: September 22, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Francis M. Nenghabi appeals from an order of the district court[1] adopting the recommendation of the magistrate judge[2] to deny Nenghabi's motion filed under 28 U.S.C. § 2255. We affirm.
 
 
 2
 Nenghabi pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344. At sentencing, the district court refused to grant Nenghabi a two-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. The court imposed a prison term of eight months, half of which Nenghabi was to serve in community confinement, followed by two years supervised release. Nenghabi did not appeal his sentence. He later filed this motion, however, arguing that the district court should have granted him an acceptance-of-responsibility reduction. Concluding that Nenghabi's claim was not cognizable under section 2255, the magistrate judge recommended denying the motion. The district court adopted the magistrate judge's recommendation. This appeal followed, in which Nenghabi argues that the district court erred in denying his motion without considering its merits.
 
 
 3
 We conclude that Nenghabi's claim was not properly raised in this section 2255 proceeding. We reject as meritless Nenghabi's argument that he could not have appealed the district court's denial of an acceptance-of-responsibility reduction. United States v. Nunley, 873 F.2d 182, 187 (8th Cir. 1989) (reviewing district court's denial of acceptance of responsibility reduction). Because he could have raised the issue on direct appeal, and because the denial of such a reduction was not a fundamental error resulting in a complete miscarriage of justice, the district court properly refused to reach the merits of Nenghabi's claim and we do not reach them either. See Poor Thunder v. United States, 810 F.2d 817, 822-23 (8th Cir. 1987); United States v. Manko, 772 F.2d 481, 482 (8th Cir. 1985) (per curiam).
 
 
 4
 Nenghabi also argues that his motion could be construed as raising an ineffective-assistance claim, and that his case thus should be remanded for an evidentiary hearing. Nenghabi's ineffective-assistance claim consists of an alleged conflict of interest, which he raised in a cursory, single sentence in his traverse to the government's response to his section 2255 motion. He has never explained the nature of the conflict. Remand for an evidentiary hearing is unwarranted. See Spillers v. Lockhart, 802 F.2d 1007, 1009 (8th Cir. 1986). We do not address Nenghabi's suggestion on appeal that his plea may have been involuntary, because he did not raise it before the district court. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota
 
 
 [2]
 The HONORABLE J. EARL CUDD, United States Magistrate Judge for the District of Minnesota