Richard H. AUSTIN

v.

Ricky BELL, Warden.

No. 3:86–0293.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 9, 1996.

Larry Woods, Nashville, TN, for petitioner.

Glenn R. Pruden, Office of Attorney General, Nashville, TN, for respondent.

## *MEMORANDUM*

JOHN T. NIXON, Chief Judge.

Pending before the Court in the above-styled action are Petitioner's remaining arguments for habeas corpus relief. The Court has already granted Petitioner habeas corpus relief based on three arguments that Petitioner raised in his Motion for Summary Judgment.[1] The Court now considers the remaining claims in Petitioner's Amended Habeas Corpus Petition (Doc. No. 64). The Court considers the following issues:

1. The constitutionality of the jury's instruction regarding "heinous, atrocious or cruel aggravating circumstances" under Tenn.Code Ann. § 39–2404(i)(5) (1977);

2. The allegedly misleading premeditation instruction;

---

1. In its Order entered on January 1, 1996 (Doc. No. 206), the Court granted Petitioner habeas relief based on his claims regarding ineffective assistance of counsel and defective reasonable doubt and unanimity jury instructions.

3. Jury instructions regarding how to weigh aggravating and mitigating circumstances;

4. The absence of written findings regarding mitigating circumstances;

5. The requirement that the sentence "shall be death;"

6. The alleged shift of the burden of proving mitigating circumstances;

7. The prosecution's allegedly improper final argument at the sentencing phase;

8. Whether Tenn.Code Ann. § 39–2404 allows the jury to accord too little weight to non-statutory mitigating factors;

9. Whether Tenn.Code Ann. § 39–2404 improperly fails to require that the jury be told it can impose a life sentence out of mercy;

10. Whether there is an insufficient narrowing of the death eligible population;

11. Whether the death penalty in Tennessee is administered in an unconstitutionally inconsistent manner;

12. Whether the state post-conviction statute of limitations is an *ex post facto* law and violates due process;

13. Alleged prosecutorial vindictiveness;

14. The prosecution's alleged failure to provide notice of aggravating circumstances;

15. Whether the Tennessee Death Penalty Act improperly allows evidence otherwise inadmissible under the rules of evidence to be introduced at sentencing;

16. Whether Tennessee's bifurcated sentencing procedure violates double jeopardy prohibitions;

17. Alleged *Sandstrom v. Montana* and *Francis v. Franklin* violations;

18. Whether the death penalty, as administered in Tennessee, is cruel and unusual punishment;

19. Allegedly improper use of Petitioner's prior convictions;

20. Whether the prosecution improperly sought to diminish the jury's responsibility for imposing a sentence through improper argument;

21. Whether the prosecution improperly argued victim impact evidence;

22. Whether the "death qualification" of Petitioner's jury violated constitutional standards.

Upon review of Petitioner's remaining claims for habeas corpus relief the Court finds that none of these claims warrant such relief.

## I. Analysis

■ At the outset, the Court determines that the provisions of the recently enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, ch. 154, § 107, 110 Stat. 1214, 1221–26 ("the Act"), do not apply to Petitioner's claims. The Court bases this conclusion on two factors.

First, the language of the statute itself indicates that the statute does not take effect until Tennessee establishes procedures for ensuring that indigent prisoners seeking habeas relief in capital cases receive competent assistance of counsel during state post-conviction review. Section 2261(b) of the Act provides as follows:

> This chapter is applicable if a State establishes by statute, rule of its court of last resort, or by another agency authorized by State law, a mechanism for the appointment, compensation, and payment of reasonable litigation expenses of competent counsel in State post-conviction proceedings brought by indigent prisoners whose capital convictions and sentences have been upheld on direct appeal to the court of last resort in the State or have otherwise become final for State law purposes. *The rule of court or statute must provide standards of competency for the appointment of such counsel.*

(emphasis added).

Although Tennessee provides for the appointment of counsel for indigent defendants, §§ 8–14–205, 40–14–202, 40–30–121, and has standards for determining whether appointed counsel has sufficiently performed, *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn.1975), Tennessee imposes insufficient standards to ensure that only qualified, competent counsel will be appointed to represent habeas peti-

tioners in capital cases. The current standard for assuring the quality of appointed counsel requires that an appointed attorney be, at a minimum, "a competent attorney licensed in this state." Tenn.Code Ann. § 40–14–202. That an attorney has passed the Tennessee bar examination does not mean that the attorney is competent to handle a habeas petition in a capital case.

It is crucial under the Act that only qualified attorneys be appointed to represent habeas petitioners in capital cases because the Act does not permit the ineffectiveness or incompetence of counsel during State or Federal post-conviction proceedings to be grounds for relief in a proceeding arising under section 2254. Instead, such incompetence may only result in the appointment of different counsel on the motion of the state or the petitioner. § 2261(e).

Although Tennessee law provides for the appointment of counsel for indigent prisoners seeking habeas relief, this law insufficiently ensures the competency of such counsel. Based on the language of § 2261(b) of the Act, the Court concludes that this portion of the Act will not apply to Tennessee capital cases until the state satisfies the prerequisite set forth in § 2261(b).

█ In addition, the language of § 2262 of the Act indicates that for reasons of judicial economy, the Act should not be construed to apply to cases that are currently the subject of evidentiary hearings in federal district court. Section 2262 provides as follows:

(a) Upon the entry in the appropriate State court of record of an order under Section 2261(c), a warrant or order setting an execution date for a State prisoner shall be stayed upon application to any court that would have jurisdiction over any proceedings filed under section 2254. The application shall recite that the State has invoked the post-conviction review procedures of this chapter and that the scheduled execution is subject to stay.

(b) A stay of execution granted pursuant to subsection (a) shall expire if (1) a State prisoner fails to file a habeas corpus appli-

cation under section 2254 within the time required in section 2263 . . .

This language suggests that once the Act is implemented, a prisoner at any stage of the habeas review process may recommence the review process by filing a new habeas corpus application. Such an application would then be reviewed in accordance with the Act. If the Act is construed to apply to cases such as *Austin v. Bell*, in which this Court has conducted an evidentiary hearing and has completed review of thirty distinct claims for habeas relief, then the very judicial system that had almost completed an arduous review of the petitioner's claims would be forced to start over from the beginning and reanalyze each of the petitioner's claims under the revised Act. Such a reading of the Act would conflict with the very goal of judicial economy that the Act seeks to promote.

█ For these reasons, the Court concludes that the Act does not apply to the current action. The Court reads the language of Section 107(c), pertaining to the statute's effective date,[2] to define "pending" cases as those in which no federal district court has commenced habeas review as of the enactment of the Act.

The Court now considers the merits of each of Petitioner's claims.

### 1. Heinous, Atrocious, or Cruel Aggravating Circumstance Instruction

█ The Court rejects Petitioner's claim that his sentence is unconstitutional based on the jury instruction regarding heinous, atrocious, or cruel aggravating circumstances. Although the jury was informed that if it found that the murder was especially heinous, atrocious, or cruel, such an aggravating circumstance could warrant imposition of the death penalty, the jury did not cite this aggravating circumstance as justification for its verdict. The only aggravating circumstance that the jury used to support its verdict was Tenn.Code Ann. § 39–2404(i)(4), the aggravating circumstance that the defendant committed the murder for remuneration or the promise of remuneration, or employed anoth-

---

2. Section 107(c) states that, "Chapter 154 of title 28 United States Code (as added by subsection (a)) shall apply to cases pending on or after the date of enactment of this Act."

er to commit the murder for remuneration or the promise of remuneration. As a result, Petitioner's claim is moot. The Court denies habeas relief on the basis of this argument.

### 2. Allegedly Misleading Premeditation Instruction

The Court also denies Petitioner habeas relief with respect to this claim. The Court finds that Petitioner has inadequately plead this claim. Petitioner's claim is vague, conclusory, fails to set forth the facts supporting the claim, and should be dismissed. Rule 2(c) of the Rules Governing § 2254 Cases in the United States District Courts. *Spillers v. Lockhart,* 802 F.2d 1007, 1010 (8th Cir. 1986); cf. *Young v. Herring,* 938 F.2d 543 (5th Cir.1991); *Koch v. Puckett,* 907 F.2d 524 (5th Cir.1990); *McCoy v. Newsome,* 953 F.2d 1252 (11th Cir.1992).

### 3. Instructions Regarding How to Weigh Aggravating and Mitigating Circumstances

■ Petitioner complains that the jury instructions at his sentencing, which were based on Tenn.Code Ann. § 39–2404, were unconstitutionally vague and overbroad because they failed to inform jurors how to weigh aggravating and mitigating circumstances. The Court rejects Petitioner's argument. The Eighth Amendment requires that once the class of homicides is genuinely narrowed, the sentencer be allowed discretion to impose a lesser punishment and be allowed to consider any relevant mitigating evidence. *See Lowenfield v. Phelps,* 484 U.S. 231, 244–46, 108 S.Ct. 546, 554–55, 98 L.Ed.2d 568 (1988). The jury instructions at Petitioner's sentencing did not, based on their failure to inform jurors exactly how to weigh aggravating and mitigating circumstances, prevent jurors from considering mitigating circumstances.[3]

The Court also rejects Petitioner's allegation of an Eighth Amendment violation based on the failure of the jury instructions to sufficiently limit jurors' discretion. Petition-

er argues that such a violation exists "because, once the jury finds aggravation, it can impose the sentence of death no matter what mitigation is shown." This claim conflicts with the language of the Tennessee Death Penalty Act. The Act clearly mandates that a jury shall impose life imprisonment instead of the death penalty where the aggravating circumstances are outweighed by the mitigating circumstances. Tenn.Code Ann. § 39–2404(f).

### 4. The Absence of Written Findings Regarding Mitigating Circumstances

■ Petitioner complains that his confinement violates the Constitution based on the jury's failure to make written findings of fact regarding the presence or absence of mitigating circumstances. Petitioner argues that this creates a problem for appellate review. The Court rejects this argument as a basis for habeas corpus relief. The Constitution does not require a jury that imposes a death sentence to make specific written findings of mitigating circumstances. *Martin v. Maggio,* 711 F.2d 1273, 1286–87 (5th Cir.1983), cert. denied, 469 U.S. 1028, 105 S.Ct. 447, 83 L.Ed.2d 373 (1984); *Kordenbrock v. Scroggy,* 680 F.Supp. 867, 893 (E.D.Ky.1988).

### 5. Requirement that the Sentence "Shall be Death"

■ Petitioner alleges that Tenn.Code Ann. § 39–2404(g) violates the Eighth Amendment because it limits the jury's discretion through the use of mandatory language. The statute provides that if the jury unanimously finds aggravating circumstances and finds that such circumstances are not outweighed by any mitigating circumstances, "the sentence shall be death." Petitioner's argument lacks merit because in Tennessee the death penalty may only be imposed after the jury unanimously concludes that aggravating circumstances outweigh mitigating circumstances. *See* Tenn.Code Ann. § 39–2404(f). Moreover, the language of Tenn.

---

**3.** This conclusion does not change the Court's earlier determination that the jury instructions were flawed for failing to inform jurors that juror unanimity regarding the presence of mitigating circumstances was not necessary in order for individual jurors to consider mitigating circumstances.

Code Ann. § 39–2404(g) does not prevent the jury from considering all relevant mitigating evidence in accordance with constitutional requirements. *See Blystone v. Pennsylvania,* 494 U.S. 299, 110 S.Ct. 1078, 108 L.Ed.2d 255 (1990); *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) and *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).

### 6. Alleged Shift of the Burden of Proving Mitigating Circumstances

■ Petitioner argues that the jury instructions, which were given in accordance with the provisions of Tenn.Code Ann. § 39–2404, impermissibly shifted the burden of proving the existence of mitigating circumstances to Petitioner, and that this violated the Eighth and Fourteenth Amendments. The Court rejects this argument. The language of Tenn.Code Ann. § 39–2404(g) places the burden of proving aggravating circumstances on the State. There is no statutory language that places the burden of proving mitigating circumstances on the defendant. Moreover, to the extent that the statute may implicitly place that burden on the defendant, that is not unconstitutional. *Walton v. Arizona,* 497 U.S. 639, 649–50, 110 S.Ct. 3047, 3055, 111 L.Ed.2d 511 (1990). The Supreme Court noted in *Walton* that, "So long as a State's method of allocating the burden of proof does not lessen the State's burden to prove ... the existence of aggravating circumstances, a defendant's constitutional rights are not violated by placing on him the burden of proving mitigating circumstances sufficient to call for leniency." *Id.*

### 7. The Prosecution's Allegedly Improper Final Argument at Sentencing Phase

■ The Court rejects Petitioner's argument that he is entitled to a writ of habeas corpus because the State made the final argument at the sentencing phase of his capital trial. Section 39–2404(d) of the Tennessee Death Penalty Act provides that, "In the sentencing proceeding, the state shall be allowed to make a closing argument to the jury; and then the attorney for the defendant shall also be allowed such argument,

with the state having the right of closing." The fact that the State made the final argument at Petitioner's sentencing did not violate the Fifth Amendment due process requirement because that requirement applies to the federal government. The order of argument did not violate the Fourteenth Amendment because the proceedings still offered sufficient opportunity for the defendant to present his argument. *Herring v. New York,* 422 U.S. 853, 863, 95 S.Ct. 2550, 2555–56, 45 L.Ed.2d 593 (1975). The order of argument did not implicate the Fourteenth Amendment through the Eighth Amendment because it did not cause the death penalty to be imposed in a random manner. *See Romano v. Oklahoma,* 512 U.S. 1, ——, 114 S.Ct. 2004, 2009, 129 L.Ed.2d 1 (1994).

### 8. Whether Tenn.Code Ann. § 39–2404 Allows the Jury to Accord too Little Weight to Non–Statutory Mitigating Factors

■ The Court rejects the argument that Petitioner's confinement is unconstitutional based on the Tennessee Death Penalty Act's alleged failure to require jurors to accord sufficient weight to non-statutory mitigating factors. The statute does not direct the jury to treat statutory and non-statutory mitigating circumstances differently. Section 39–2404(j) of the statute provides that, "In arriving at the punishment the jury shall consider as heretofore indicated, any mitigating circumstances which shall include, *but not be limited to* the following ..." (emphasis added). This provision comports with the Eighth Amendment to the extent that it permits sentencers to consider relevant non-statutory mitigating factors. *See Blystone v. Pennsylvania,* 494 U.S. 299, 307, 110 S.Ct. 1078, 1083, 108 L.Ed.2d 255 (1990).

### 9. Tenn.Code Ann. § 39–2404, and the Act's Alleged Failure to Require that the Jury be Told that It May Impose a Life Sentence out of Mercy

■ Based on the Supreme Court's decision in *California v. Brown,* 479 U.S. 538, 539–43, 107 S.Ct. 837, 838–40, 93 L.Ed.2d 934 (1987), in which the Court upheld a jury instruction that directed jurors not to be

swayed by sentiment, sympathy, passion or prejudice, the Court finds that the Tennessee Death Penalty Act does not violate the Eighth Amendment by virtue of its failure to require that jurors be informed that they may impose a life sentence out of mercy. However the Court affirms its earlier conclusion that the unanimity instruction at Petitioner's trial justifies the granting of a writ of habeas corpus.

### 10. Allegedly Insufficient Narrowing of the Death Eligible Population

The Court rejects the argument that the Tennessee Death Penalty Act is unconstitutional for failing to sufficiently narrow the death eligible population. The bifurcated proceeding provided for under the statute sufficiently narrows the population of death eligible defendants in accordance with the Eighth Amendment. *Gregg v. Georgia*, 428 U.S. 153, 168–87, 96 S.Ct. 2909, 2922–32, 49 L.Ed.2d 859 (1976). In Tennessee, if the defendant is found guilty of first degree murder, a second proceeding is held before the same jury to determine the sentence. The jury may only impose the death penalty upon finding that one or more statutory aggravating circumstances are present, and further, that such circumstances are not outweighed by any mitigating circumstances. Tenn.Code Ann. § 39–2404(g). The burden of proof at the sentencing phase rests on the State.

### 11. Allegedly Unconstitutional Inconsistency with which the Death Penalty is Imposed in Tennessee

As the Court noted in the memorandum accompanying its prior Order (Doc. No. 205 at 29), the inconsistency with which the Tennessee Death Penalty is imposed does not justify granting Petitioner a writ of habeas corpus.

### 12. The State Post–Conviction Statute of Limitations and Alleged Violations of Constitutional Requirements Regarding *Ex Post Facto* Law and Due Process

Petitioner complains that the three-year statute of limitations, which became effective on July 1, 1986, violated his Four-

teenth Amendment due process right and constituted an *ex post facto* law violating Article I, Section 10, Clause 1 of the Constitution. The Court rejects this claim. The three-year statute of limitations, contained within Tenn.Code Ann. § 40–30–102, required a prisoner to petition for post-conviction relief within three years of the date of the final action in the prisoner's case or to forgo the right to petition. The statute allowed petitioners seeking to bring any post-conviction petitions that would have been barred on July 1, 1986, three additional years from that date in which to file their petitions. *See State v. Masucci*, 754 S.W.2d 90, 91 (Tenn.Crim.App.1988).

The constitutional prohibition against *ex post facto* laws prohibits any statute which (1) punishes as a crime any act previously committed which was innocent when done; (2) makes more burdensome the punishment for a crime after its commission; or (3) deprives one charged with a crime of any defense available at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990). Based on the above description of the impact of Tenn.Code Ann. § 40–30–102 and the standard set forth in *Youngblood*, the Court concludes that it was not an *ex post facto* law and did not violate due process requirements.

### 13. Alleged Prosecutorial Vindictiveness

The Court rejects the argument that the prosecution was vindictive when it sought the maximum sentence for the crime of first degree murder after Petitioner rejected the State's guilty plea offer. *See United States v. Goodwin*, 457 U.S. 368, 380–83, 102 S.Ct. 2485, 2492–94, 73 L.Ed.2d 74 (1982); *Bordenkircher v. Hayes*, 434 U.S. 357, 363–65, 98 S.Ct. 663, 668–69, 54 L.Ed.2d 604 (1978). The sentence that the state sought against Petitioner was within the authorized range for the crime with which Petitioner was charged.

### 14. Prosecution's Alleged Failure to Provide Notice of Aggravating Circumstances

Petitioner argues that the Tennessee Death Penalty Act violates the Sixth Amend-

ment because it fails to require that the defendant receive notice of the prosecution's intended proof of aggravating circumstances. The Court rejects this claim. The Tennessee statue itself defines the aggravating circumstances upon which the jury may rely to justify imposing the death penalty. Tenn. Code Ann. § 39–2404(i). This statutory notice satisfies constitutional requirements. *See Andrews v. Shulsen,* 600 F.Supp. 408, 422 (D.Utah 1984), *aff'd,* 802 F.2d 1256, 1263 n. 4 (10th Cir.1986), *cert. denied,* 485 U.S. 919, 108 S.Ct. 1091, 99 L.Ed.2d 253 (1988).

### 15. Allegations that the Tennessee Death Penalty Act Improperly Allows Introduction of Evidence that is Otherwise Inadmissible to be Considered at Sentencing

The Court finds that this aspect of the Tennessee Death Penalty Act, Tenn. Code Ann. § 39–2404(c), does not deprive Petitioner of due process. There is no requirement that the Rules of Evidence apply at a capital sentencing hearing. *Johnson v. Wainwright,* 778 F.2d 623, 632 (11th Cir. 1985), *reh'g denied,* 807 F.2d 999 (11th Cir. 1986), *cert. denied,* 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987). Moreover, it is constitutionally permissible for the jury to consider the defendant's criminal record at sentencing. *Barclay v. Florida,* 463 U.S. 939, 951 n. 8, 103 S.Ct. 3418, 3425 n. 8, 77 L.Ed.2d 1134 (1983). To the extent that Petitioner argues that his prior convictions should not have been introduced because the convictions were unconstitutionally obtained, *see* Amended Habeas Petition at ¶ 42, the Court notes that the jury did not list those convictions as aggravating factors justifying imposition of the death penalty. *See* Tenn. Code Ann. § 39–2404(i)(2). Thus, the doctrine of harmless error set forth in *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), applies.

### 16. Alleged Violations of Double Jeopardy Protections

Petitioner argues that his confinement is unconstitutional because Tennessee's bifurcated approach to death penalty proceedings violates constitutional protections against double jeopardy. The Court rejects this argument. The Supreme Court has approved of bifurcated procedures such as Tennessee's. *Gregg v. Georgia,* 428 U.S. 153, 195, 96 S.Ct. 2909, 2935, 49 L.Ed.2d 859 (1976). While the double jeopardy provision of the Fifth Amendment protects against a second prosecution for the same offense after conviction, the sentencing phase of a capital trial in Tennessee is concerned only with punishment and does not constitute a second trial for the same offense or create a separate and additional offense. *State v. Austin,* 618 S.W.2d 738, 742 (Tenn.1981). Accordingly, the Court denies habeas relief on the basis of this claim.

### 17. Alleged *Sandstrom v. Montana* and *Francis v. Franklin* Violations

Petitioner alleges that the jury instructions at the guilt phase "were inadequate and improper as to the mandatory presumptions as to an element of the crime in question." Amended Habeas Petition at ¶ 59. Petitioner fails to cite to specific deficiencies in support of this claim and merely cites to *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) and *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The Court finds that these allegations are conclusory and insufficiently plead. The Court summarily dismisses these allegations. *Spillers v. Lockhart,* 802 F.2d 1007, 1010 (1986).

### 18. Allegations that the Death Penalty, as Administered in Tennessee, is Cruel and Unusual Punishment

The Court rejects Petitioner's argument that he is entitled to a writ of habeas corpus based on the allegedly unconstitutional conditions on Tennessee's death row. The Court finds that Petitioner must bring this claim regarding the conditions of his confinement under 42 U.S.C. § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Maddux v. Rose,* 483 F.Supp. 661, 672 (E.D.Tenn. 1980), *affirmed,* 627 F.2d 1091 (6th Cir.1980); *United States ex rel Broadnax v. De Robertis,* 565 F.Supp. 327, 338 (N.D.Ill.1983).

The Court also rejects Petitioner's claim that he was deprived of a meaningful opportunity to contact his attorneys while in prison. Petitioner himself admits that he has had the opportunity to meet and consult with his attorneys. Deposition of Petitioner at 17–20.

### 19. Allegedly Improper Use of Petitioner's Prior Convictions

Petitioner alleges that his prior robbery and larceny convictions were improperly used as aggravating factors at sentencing. Amended Habeas Petition at ¶ 42. As discussed above, the jury did not list as an aggravating circumstance the fact that the defendant had been previously convicted of one or more felonies involving violence or threat of violence to the person. *See* Tenn. Code Ann. § 39–2404(i)(2). Therefore, even if such an error occurred, it was harmless beyond a reasonable doubt under the standard set forth in *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

### 20. Whether Prosecution Improperly Sought to Diminish Jury's Responsibility for Imposing Sentence Through Improper Argument

Petitioner alleges in paragraph 43 of his Amended Habeas Petition that the prosecutor, through his closing argument at the penalty phase of the trial, sought to diminish the jury's responsibility for imposing the death penalty in violation of the Eighth and Fourteenth Amendments to the Constitution. The Court finds that this allegation is conclusory and insufficiently plead and should be summarily dismissed. *Spillers v. Lockhart,* 802 F.2d at 1010.

### 21. Allegations that Prosecution Improperly Argued "Victim Impact Evidence"

Petitioner alleges that the prosecution improperly argued victim impact evidence at both the guilt and sentencing phases of Petitioner's trial in violation of the Eighth and Fourteenth Amendments. The Court rejects this argument. The argument that was presented at Petitioner's trial regarding the impact of Petitioner's crime was not unconstitutional under the Eighth or Fourteenth Amendment. *See Payne v. Tennessee,* 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).

### 22. Allegedly Improper "Death Qualification" of the Jury

Petitioner raises several claims regarding the "death qualification" of his jury. Petitioner argues that the exclusion of jurors due to their opposition to the death penalty was improper because such opposition would not have prevented or substantially impeded them from performing their duty as jurors, because juror exclusion created a jury biased in favor of the prosecution, because juror exclusion predisposed the jury to convict and sentence Petitioner to death, and because such exclusion was accomplished through the use of an improper religious and political test for jury service.

The Court rejects these arguments because they are conclusory and insufficiently plead. *Spillers v. Lockhart,* 802 F.2d at 1010. In addition, the Court notes that a prospective juror may be excluded for cause because of his or her views on capital punishment if those views would prevent or substantially impair the juror from performing that juror's duty in accordance with the juror's instructions and oath. *Lockhart v. McCree,* 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986); *Wainwright v. Witt,* 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). Such exclusion would not constitute exclusion improperly based on a religious or political test. Moreover, the trial judge's findings that the prospective jurors are excludable are factual findings entitled to a presumption of correctness under 28 U.S.C. § 2254(d). *Wainwright v. Witt,* 469 U.S. at 429, 105 S.Ct. at 854.

## II. Conclusion

Upon review of Petitioner's remaining claims for habeas corpus relief, the Court finds that these claims lack merit. Accordingly, the Court DENIES Petitioner habeas corpus relief on the basis of these claims.

An Order consistent with the foregoing reasoning will be entered contemporaneously with this Memorandum.